IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-07-401** |
| | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | |
| | : | |
| **KEMYAH WASHINGTON** | : | |

## **M E M O R A N D U M**

### I. **Introduction**

Before the court is a motion pursuant to 28 U.S.C. § 2255 filed by Kemyah R. Washington. The motion has been briefed and a hearing on the motion was held on December 15, 2010. The matter is now ripe for disposition.

### II. **Background**

Defendant Kemyah R. Washington was charged in a criminal information with possession with intent to distribute and distribution of cocaine base in an unspecified amount. The information outlined events that occurred on or about October 19, 2006, to August 24, 2007. Pursuant to a plea agreement, Defendant plead guilty to the information.

The factual basis of the plea involved an episode that transpired on October 19, 2006, at the residence of Washington's grandmother, located at 2413 N. Sixth Street, Harrisburg, Pennsylvania. In addition, law enforcement engaged Defendant in an undercover buy of crack cocaine on August 24, 2007. It is the first episode that is the basis for Washington's current motion.

**III.**     **<u>Discussion</u>**

Washington claims the entry and search of 2413 N. Sixth Street was illegal. He therefore alleges his counsel was incompetent for failing to file a motion to suppress the evidence seized from that search.

### A. Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989)).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005). With the above precepts in mind, Washington's claims will be addressed.

### B. Competency of Counsel

Assistant Federal Public Defender Thomas Thornton, who represented Washington at the trial level, testified at the § 2255 hearing on December 15, 2010. Thorton stated that he knew at the outset that Washington would be sentenced as a career offender. His objective was to assure Washington got the least amount of prison time as possible. He felt that cooperating with the Government would assure this result.

One of the major problems confronting defense counsel was the fact that on the August 24, 2007 undercover buy, a search of Washington's car produced a firearm. Thus, it was necessary to avoid an 18 U.S.C. § 924(c) charge which would have subjected Washington to a sentence of thirty years to life.

On the issue of the suppression of the evidence found in the October 19, 2006 search, Thornton had several concerns. In his efforts to get the best plea agreement for his client, the last thing he wanted to do was aggravate the United

3

States Attorney's Office by putting them through, what Thornton believed, to be an unsuccessful challenge to the October 19, 2006 search. Thornton also believed that Washington had no standing to challenge the search and that, even if successful, the amount of the drugs seized would be considered as relevant conduct and the amount of the drugs would still be considered for sentencing purposes. Ultimately, counsel was able to obtain a plea agreement for his client that avoided a § 924(c) charge and obtained a charge that did not specify an amount of drugs; thereby avoiding a mandatory minimum sentence. He also obtained an agreement that the Government would move for a 5K1.1 departure.[1]

The first prong of *Strickland*, 466 U.S. at 668, to be considered is whether counsel's performance was deficient. Defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*. at 689. At the hearing on the § 2255 motion, Thornton set forth his reasons for not filing a suppression motion and from counsel's perspective at the time, it appeared to be appropriate.

The second prong of *Strickland*, supra, has not been made out, even assuming deficient performance. Counsel achieved a just result. He was able to achieve by his strategy a sentence that was half of what Washington potentially faced .[2]

Based on these facts, the court cannot conclude that counsel's representation "fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 687, so as to be considered ineffective. However, even if trial counsel's strategy of avoiding a § 924(c) charge was to be an unsound trial strategy, as

---

[1] The court at sentencing denied the 5K1.1 motion.

[2] Washington's testimony that even though he would have been facing thirty years in prison, he would have still preferred to have suppression hearing is not credible.

4

discussed below, Defendant lacked standing to challenge the suppression of the drugs found in the search of 2413 N. Sixth Street, Harrisburg, Pennsylvania.

### C. Standing

The facts of the search are based upon Washington's testimony at the December 15, 2010 hearing on his § 2255 motion. Washington claims he was on the porch of his grandmother's house with other relatives when he observed three people dressed in black come around a corner. He became alarmed and went into the house with the others. The three men (one being Washington's probation officer) proceeded into the house and handcuffed Washington to detain him. The first floor bedroom (belonging to Washington's grandmother) was searched and 69 bags of crack cocaine were seized.

Mr. Thornton based his decision not to proceed with a suppression hearing, in part, because he did not believe Washington had standing. At the § 2255 hearing, Washington testified that he had a key to his grandmother's house at 2413 N. Sixth Street, Harrisburg, Pennsylvania. He stayed at the house frequently and occupied a third floor bedroom when he was at the house. He acknowledged that he was on probation and that his residence for his probation papers was his wife's address, not the North Sixth Street address.

Evelyn Washington, Washington's grandmother, verified that Washington had a key to the premises in question and that Washington occupied a third floor bedroom. She further testified that the bedroom searched, and from where the drugs were seized, was her bedroom. She denied the drugs were hers.

The facts as brought out at the hearing do not support a finding that Washington had standing to suppress a search of a bedroom occupied by another person. It is well established in the Third Circuit that,

> [t]o invoke the Fourth Amendment's exclusionary rule, a defendant must demonstrate that his own Fourth Amendment rights were violated by the challenged search or seizure. These rights are violated only if the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect. Significantly, a defendant's Fourth Amendment rights are not violated by the introduction of evidence obtained in violation of a third party's rights. Because Fourth Amendment rights are "personal," the proponent of a motion to suppress bears the burden of proving not only that the search was illegal, but also that he had a legitimate expectation of privacy in the place searched. The "standing" inquiry, in the Fourth Amendment context, is shorthand for the determination of whether a litigant's Fourth Amendment rights have been implicated.

*United States v. Stearn*, 597 F.3d 540, 551 (3d Cir. 2010) (internal citations omitted).

The cases cited by Washington – *United States v. McIntosh*, 857 F.2d 646 (8th Cir. 1988) and *Minnesota v. Olsen*, 495 U.S. 91 (1990), are factually different from the case *sub judice*.

### D. Competency of Counsel

Assuming this court is in error on the standing issue, does attorney Thornton's failure to file a suppression motion amount to incompetency?

## IV.    Conclusion

Based on the foregoing, defense counsel's performance was not deficient and no prejudice befell Defendant by such performance. An appropriate order will be issued.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: December 21, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CRIMINAL NO. 1:CR-07-401
:
: **(Judge Rambo)**
**v.** :
:
:
**KEMYAH WASHINGTON** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

    1) Defendant's motion filed pursuant to 28 U.S.C. § 2255 is denied.

    2) The Clerk of Court shall close the file.

    3) This court declines to issue a certificate of appealability.

                                                                                    s/Sylvia H. Rambo
                                                                          United States District Judge

Dated: December 21, 2010.