IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-07-401** |
| | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | |
| **KEMYAH WASHINGTON** | : | |

## **M E M O R A N D U M**

### I.     **Background**

Before the court is a motion filed by Kemyah Washington pursuant to 28 U.S.C. § 2255 (Doc. 92).  Washington seeks to vacate, set aside or correct his sentence based on the case of *Johnson v. United States*, _____ U.S. _____, 135 S. Ct. 2551 (2015).  The United States Supreme Court in that case held a " 'violent felony' as that term is defined by § 924(e)(2)(B)'s residual clause to include any felony that involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague and violates due process.

This court will examine the motion pursuant to 28 U.S.C. § 1915A to initially determine if the motion presents a cognizable claim.  For the reasons stated below, the court finds that the motion does not present a cognizable claim and the motion will be dismissed without service.

### II.     **Discussion**

Washington plead guilty to distribution and possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).  His offense level was determined to be level 26.  Washington's sentence was

enhanced pursuant to U.S.S.G. § 4B1.1(b)(C) as a career offender. Section 4B1.1(a) defines a career offender as follows:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Washington was at least eighteen years old at the time of his instant conviction. He had three prior convictions for controlled substance offenses. *See* Presentence Report at ¶¶ 25, 27 and 35. He had a prior offense of a crime of violence which consisted of aggravated assault, recklessly endangering another person, carrying a firearm without a license, and discharge of a firearm. Since the *Johnson* case did not implicate other parts of the statutory definition, a crime may still qualify as a violent felony if it has as an element the use, attempted use, or threatened use of physical force against the person of another. Thus, the crime of aggravated assault, recklessly endangering another person, and discharge of a firearm would still qualify as a violent felony. In any event, the three prior drug convictions qualify for the enhancement as a career offender.

**Conclusion**

It is the opinion of this court that the *Johnson* case is not applicable to Washington and therefore, he has not stated a claim. An appropriate order will be issued.

                                                      s/Sylvia H. Rambo
                                                  United States District Judge

Dated: August 18, 2015.