IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:07-CR-0401** |
| | : | |
| **v.** | : | |
| | : | |
| **KEMYAH R. WASHINGTON** | : | **Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Presently before the court is Kemyah Washington's motion for a plenary resentencing hearing pursuant to Section 404 of the First Step Act of 2018. The government opposes the motion, arguing that Washington is ineligible for relief. Because Washington pleaded guilty to distributing an unspecified amount of crack cocaine, the court concludes that Washington is not entitled to the relief that he seeks.

**I. Background**

In 2007, Washington was charged with possession with intent to distribute 5 grams and more of cocaine base, in violation of 21 U.S.C. § 841(a). (Doc. 1.) However, pursuant to a written plea agreement, the government filed an information that charged Washington with possession with intent to distribute an unspecified amount of cocaine base, in violation of 21 U.S.C. § 841(a) (Doc. 27), and Washington entered a guilty plea to the information (Doc. 36). At the time the offense was committed, the statutory penalty for an offense involving less than 5

grams or an unspecified quantity of cocaine base was a maximum of 20 years and a minimum term of supervised release of 3 years under 21 U.S.C. § 841(b)(1)(C).

For purposes of calculating his sentencing guideline range, the court determined that Washington was responsible for at least 5 grams but less than 20 grams of cocaine base which provided a base offense level of 24 under the 2007 edition of the Sentencing Guidelines. (PSR ¶ 11). Washington was assessed a 2-level enhancement for possession of a dangerous weapon, resulting in an offense level of 26. (*Id.* at ¶¶ 12, 16). The court also concluded that Washington was a career offender and, because his statutory maximum term was 20 years, his offense level was 32 under Section 4B1.1(b)(3). (*Id.* at ¶ 17). Following a 3-level reduction for acceptance of responsibility, his total offense level was 29. (*Id.* at ¶¶ 18-19). Washington was assigned a criminal history category of VI (*id.* ¶ 44), yielding a sentencing guideline range of 151 to 188 months (*id.* at ¶ 79). The court then sentenced him to 175 months of incarceration followed by a 3-year term of supervised release and dismissed the indictment. (Doc. 45). Washington is serving his sentence at FCI-Beckley with a current projected release date of January 1, 2021.

On January 2, 2019, Washington filed a *pro se* "Petition for Sentence Reduction (FSA) 2010 Retroactivity Via First Step Act." (Doc. 108). By Standing Order 19-01, the Federal Public Defender's Office was appointed to represent Washington. (Doc. 109). On June 3, 2019, the Federal Public Defender's Office filed

a motion for a resentencing hearing under Section 404 of the First Step Act on behalf of Washington. (Doc. 110.) The motion has been fully briefed and is ripe for disposition.

## II. Discussion

The First Step Act of 2018 made "retroactive the crack cocaine minimums in the Fair Sentencing Act." *United States v. Rose*, No. 03-CR-1501, 2019 WL 2314479, at *2 (S.D.N.Y. May 24, 2019). Specifically, section 404 of the First Step Act permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act of 2018, 115 Pub. L. 391 § 404, 132 Stat. 5194, 5222 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id.* These specified sections modified the drug amounts required to trigger mandatory minimums for crack cocaine trafficking offenses from 5 grams to 28 grams with respect to the 5–year mandatory minimum and from 50 grams to 280 grams with respect to the 10–year mandatory minimum. Fair Sentencing Act, Pub. L. No. 111–220, § 2(a), 124 Stat. 2372, 2372. The Fair Sentencing Act also eliminated the 5–year mandatory minimum for simple

possession of crack. *Id.* at § 3, 124 Stat. 2372, 2372. *See also Dorsey v. United States*, 567 U.S. 260, 269, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012) (explaining sentencing discrepancies for certain drug offenses that Fair Sentencing Act sought to remedy).

In determining the propriety of a sentence modification, the Court first addresses whether a reduction comports with the requirements of the First Step Act and then "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). The First Step Act makes clear that even if a defendant is eligible for a sentence reduction, the decision whether to grant a reduction remains within the district court's discretion. *See* Pub. L. No. 115–391, §§ 404(a)–(b), 132 Stat. 5194, 5222.

Washington was subject to the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(C), which provides, in part, that "[i]n the case of a controlled substance in schedule I or II . . . such person shall be sentenced to a term of imprisonment of not more than 20 years." 21 U.S.C. § 841(b)(1)(C). Section 841(b)(1)(C) does not provide for a mandatory minimum sentence and was "NOT amended" by the Fair Sentencing Act. United States Sentencing Commission, Office of Education & Sentencing Practice, FIRST STEP Act, INSIDER EXPRESS SPECIAL EDITION,

January 2019, at 2. Because the Fair Sentencing Act did not modify § 841(b)(1)(C), Washington's conviction is not a "covered offense" under the First Step Act.

Moreover, a conviction under § 841(b)(1)(C) criminalizes possession with intent to distribute a Schedule I or II controlled substance, including cocaine base, irrespective of quantity. While Washington argues that § 841(b)(1)(C) was modified to change the weight of cocaine base that was subject to the maximum statutory range of 0 to 20 years from less than 5 grams to less than 28 grams, both versions of § 841(b)(1)(C) provide for a statutory range of 0 to 20 years for any Schedule I or II controlled substance for which the government cannot, or does not seek to, prove the quantity. Washington was convicted under this provision through his guilty plea, in which no drug quantity was specified.

Accordingly, the court concludes that the Fair Sentencing Act did not modify the statutory penalties for a violation of § 841(b)(1)(C), and therefore finds that Washington's crime of conviction is not a covered offense under the First Step Act.

### III. Conclusion

For the reasons set forth above, the court concludes that Washington has no right to relief under the First Step Act, and therefore will deny his motion for a resentencing hearing. An appropriate order will follow.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge